IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

JOSHUA DUANE BUTLER,                    )
                                        )
                    Plaintiff,          )
                                        )
v.                                      )          No. CIV 23-397-RAW-JAR
                                        )
CARMEN RAINBOLT,                        )
                                        )
                    Defendant.          )

## OPINION AND ORDER

On November 17, 2023, Plaintiff Joshua Duane Butler filed this civil rights action pursuant to 28 U.S.C. § 1983.  (Dkt. 1).  Plaintiff is a pro se pretrial detainee who is incarcerated in the McIntosh County Jail in Eufaula, Oklahoma.  *Id.* at 3.  The sole defendant is Okmulgee County Assistant District Attorney Carmen Rainbolt, who allegedly prosecuted Plaintiff in Okmulgee County District Court Case No. CF-19-260.  *Id.* at 3, 6.

Plaintiff alleges that while his criminal case was pending, he brought a civil claim against Eddie Rice, the Okmulgee County Sheriff, and Rainbolt defended the sheriff in the civil case.  *Id.* at 6.  Plaintiff argues that Rainbolt's dual role created a conflict of interest that violated a prosecutorial code of conduct.  *Id.*  This situation allegedly puts Plaintiff in a situation where he cannot receive a fair trial in his case against the sheriff.  In addition, Rainbolt allegedly is trying to force Plaintiff to dismiss his civil case and agree to a 35-year suspended sentence in his criminal case.  Plaintiff is seeking monetary and injunctive relief.  *Id.* at 9.

**Screening/Dismissal Standards**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The Court must identify any cognizable claims and dismiss any claims that are

frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B).

The pleading standard for all civil actions was articulated in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). *See Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The complaint also must contain "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. *Id*. at 555-56. "So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," the cause of action should be dismissed. *Id*. at 558. The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Fed. R. Civ. P. 12(b)(6) motions to dismiss for failure to state a claim. *Kay v. Bemis*, 500 F.3d 1214, 1217-18 (10th Cir. 2007). *See also Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013) (holding that § 1915A dismissals are reviewed under the Fed. R. Civ. P. 12(b)(6) standard for stating a claim for relief).

A pro se plaintiff's complaint must be broadly construed under this standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The generous construction given to the pro se litigant's allegations, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Notwithstanding a pro se plaintiff's various mistakes or misunderstandings of legal doctrines or procedural requirements, "if a court can

2

reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should

do so . . . ." *Id.* A reviewing court need not accept "mere conclusions characterizing pleaded

facts." *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990).

**Prosecutorial Immunity**

The Eleventh Amendment protects states from damages suits unless Congress has

abrogated sovereign immunity or the state has waived it. *See Edelman v. Jordan*, 415 U.S. 651,

662-63 (1974). The immunity to suit in federal courts afforded by the Eleventh Amendment

applies not only to the State, but also to its instrumentalities and officers acting in their official

capacities. Thus, prosecutors possess prosecutorial immunity from § 1983 lawsuits for damages

which are predicated on their performance of functions "in initiating a prosecution and in

presenting the State's case." *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976). *See also Buckley v.

Fitzsimmons*, 509 U.S. 259, 272 (1993). Further, to the extent Plaintiff is asking the Court to

bring charges against Rainbolt for allegedly threatening Plaintiff (Dkt. 1 at 9), there is no

constitutional right to have someone criminally prosecuted. *Oliver v. Collins*, 914 F.2d 56, 60

(5th Cir. 1990). Likewise, Plaintiff does not raise a constitutional issue in his requests to

subpoena state court records. (Dkt. 1 at 9).

**ACCORDINGLY,** this action is, in all respects, DISMISSED for failure to state a claim

upon which relief may be granted and for seeking monetary relief from a defendant who is

immune from such relief. *See* 28 U.S.C. § 1915A(b). This dismissal shall count as a "PRIOR

OCCASION" or "STRIKE," pursuant to 28 U.S.C. § 1915(g).

**IT IS SO ORDERED** this 6th day of December 2023.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

3