**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA**

JOSHUA DUANE BUTLER,

      **Plaintiff,**

v.                                                                    **Case No. 23-CV-397-RAW-JAR**

CARMAN RAINBOLT,

      **Defendant.**

**<u>OPINION AND ORDER</u>**

Now before the Court is Defendant Carman Rainbolt's Motion to Dismiss [Dkt. No. 30] pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff has not filed a response in opposition to the Motion. For the reasons discussed herein, the Court grants Defendant's Motion to Dismiss.

**LEGAL STANDARD**

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* The litigant must plead factual content that "allows the court to draw the reasonable inference" of the defendant's liability. *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (internal quotation marks omitted) (quoting *Twombly*, 550 U.S. at 557). In assessing a motion to dismiss, the Court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation

marks omitted). However, "conclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). While the Court construes a pro se litigant's pleadings liberally, this liberal construction "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* The Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

### DISCUSSION

Plaintiff initiated this federal civil rights action under 42 U.S.C. § 1983 on November 8, 2023. Dkt. No. 1, at 10. In his Complaint, Plaintiff claims that Defendant represented the Okmulgee County Sheriff in a § 1983 action brought by Plaintiff in federal court at the same time Defendant also represented the state as the prosecuting attorney in Defendant's then-pending state criminal action. Dkt. No. 1, at 6; *see Butler v. Rice*, No. 20-CV-231-RAW-SPS (E.D. Okla. filed July 8, 2020) (the "Civil Case"); *Oklahoma v. Butler*, No. CF-2019-260 (Okmulgee Cnty. Dist. Ct. filed Oct. 28, 2019) (the "Criminal Case"). Plaintiff contends Defendant created a conflict of interest by serving as both the prosecuting attorney in the Criminal Case and the defense attorney in the Civil Case. Dkt. No. 1, at 6. He further alleges Defendant violated his right to due process by forcing him to "walk away/give up" the Civil Case and take a plea deal or face the possibility of a life sentence in his Criminal Case. *Id.* Plaintiff seeks monetary and injunctive relief against Defendant in his individual and official capacities.

On December 6, 2023, the Court dismissed the Complaint under 28 U.S.C. § 1915A, finding Defendant's claims were barred by the Eleventh Amendment and absolute prosecutorial immunity. Dkt. No. 5, at 3. Plaintiff appealed the decision to the Tenth Circuit Court of Appeals,

arguing that he had brought claims against Defendant "not only as a prosecutor in the Criminal Case, but [also] as a defense attorney in the Civil Case," and that the Court had not addressed the latter. Dkt. No. 21, at 6. The Tenth Circuit agreed, affirming the dismissal of the individual and official capacity claims against Defendant which stemmed from the Criminal Case but vacating the dismissal of Defendant's claims "based on the Civil Case." *Id.* at 7.

Following remand, Defendant filed the instant Motion seeking dismissal of the Complaint.[1] As to the claims related to Plaintiff's Civil Case, Defendant asserts that he did not, as Plaintiff claims, represent the Okmulgee County Sheriff, or any other Defendant, in that civil action. Dkt. No. 30, at 6-11. The docket in Plaintiff's Civil Case, of which the Court takes judicial notice, reflects that the Okmulgee County Sheriff was represented by attorneys with the law firm Collins Zorn & Wagner, PLLC. *See Butler v. Rice*, No. 20-CV-231-RAW-SPS (E.D. Okla. filed July 8, 2020); *Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006) (explaining that a court may "'take judicial notice of its own files and records, as well as facts which are a matter of public record'" when considering a motion to dismiss (quoting *Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)). At no time did Defendant enter an appearance in that action. Plaintiff has not provided a response to Defendant's Motion or otherwise disputed the accuracy of the docket record. Accordingly, Plaintiff has not shown that Defendant took part in the Civil Case or otherwise acted in a capacity to which Eleventh Amendment immunity or absolute prosecutorial immunity might not apply.

The Court additionally finds that the claims relating to the Civil Case are untimely. "The statute of limitations period for a § 1983 claim is dictated by the personal injury statute of

---

[1] Though the Motion addresses all claims against Defendant for "clarity and completeness," only the claims subject to remand are at issue. Dkt. No. 30, at 1.

limitations in the state in which the claim arose, and in Oklahoma, that period is two years."
*McCarty v. Gilchrist*, 646 F.3d 1281, 1289 (10th Cir. 2011) (citation omitted).  The statute of
limitations begins to run when the "facts that would support a cause of action are or should be
apparent."  *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks
omitted).  Judgment was entered in the Civil Case on September 10, 2021.  Accordingly, Plaintiff's
claims stemming from the Civil Case should have been apparent by that date, at the very latest.
Plaintiff filed his Complaint on November 8, 2023, beyond the two-year limitations period.  The
claims, therefore, are subject to dismissal with prejudice.  *See Gee v. Pacheco*, 627 F.3d 1178,
1181 (10th Cir. 2010).

**CONCLUSION**

ACCORDINGLY, IT IS HEREBY ORDERED that:

1) Defendant Carman Rainbolt's Motion to Dismiss [Dkt. No. 30] is GRANTED, and the
   individual and official capacity claims against Defendant based on the Civil Case are
   dismissed with prejudice;

2) a separate judgment of dismissal shall be entered in this matter.

DATED this 25th day of March, 2026.

RONALD A. WHITE
UNITED STATES SENIOR DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA